IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Criminal Action No. 1:24-cr-00238-SKC

UNITED STATES OF AMERICA,

  Plaintiff,

v.

DAYVON VAUGHNS,

  Defendant.

---

**ORDER DENYING MOTION TO RECONSIDER PARTIAL DENIAL OF MOTION TO SUPPRESS AND MOTION FOR EVIDENTIARY HEARING (DKT. 28)**

---

Mr. Vaughns moves this Court to reconsider its January 3, 2025 Order (Dkt. 24) which partially granted and partially denied his Motion to Suppress Evidence and Statements (Dkt. 17). The Court granted that portion of Mr. Vaughns' earlier motion which sought to suppress his custodial statements, and denied that portion which sought to suppress evidence, namely the firearm found during an attempted pat-down.

Despite Mr. Vaughns' request for a hearing on his motion to suppress, the Court ruled on the motion without a hearing stating none was necessary based on the Court's review of the body-worn camera (BWC) footage of the three involved officers and the Court's review of the related exhibit attachments submitted by the parties.

1

Dkt. 24, pp.1-2; *see also id.* at p.2, n.1 (stating "[t]he facts are taken from the statement of facts in Defendant's Motion and includes the Court's findings based on its review of the BWC footage of the three involved Officers and the police reports attached to the Motion and the Government's responsive pleading."); *id.* at p.10 ("The Court watched both Officer Grenfell's and Russell's BWC and finds the footage materially corroborates the written police reports describing their traffic-stop encounter with Mr. Vaughns, and further supports Officer Grenfell's reasonable suspicion supporting the pat-down.").

Mr. Vaughns now asks this Court to reconsider its prior order. He argues "the law demands" reconsideration of the Court's decision not to hold an evidentiary hearing because he claims the Court improperly resolved his factual challenges to the traffic stop by "relying solely on police officer reports, without considering directly contradictory evidence and without properly assessing the reliability and credibility of those officers." Dkt. 28, p. 3. He further argues the Court did not properly resolve factual disputes Mr. Vaughns raised about the pat-down search. *Id.* at p.6. The government filed a response opposing the Motion. Dkt. 30. In sum and substance, it argues Mr. Vaughns' Motion fails to identify any of the three primary grounds for reconsideration under Tenth Circuit precedent, he merely seeks to relitigate issues he previously raised and raises new arguments he failed to assert earlier, and the Court made proper findings without a hearing based on the Court's thorough review of the BWC footage provided by Mr. Vaughns. *Id.* at pp3-4.

2

The Court set a deadline for Mr. Vaughns to file a reply in support of his Motion (Dkt. 29), but he did not file one. Therefore the Motion is fully briefed.

## LEGAL PRINCIPLES

The Rules of Criminal Procedure do not specifically provide for motions to reconsider. They are nonetheless appropriate in criminal cases and are considered under the same grounds used in civil cases. In the Tenth Circuit, specific grounds for a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* These motions are not to be used as a vehicle for "revisit[ing] issues already addressed or advanc[ing] arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark*, 57 F.3d at 944. The decision to grant reconsideration is left to the sound discretion of the district court. *Id.*

Similarly, the decision whether to grant an evidentiary hearing on a motion to suppress evidence is committed to the trial court's discretion. *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) (district court did not abuse its discretion when it denied defendant's motion to suppress without a hearing). "'A trial court is

3

required to grant a suppression hearing only when a defendant presents facts justifying relief. A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact.'" *Id.* (quoting *United States v. Woods*, 995 F.2d 713, 716 (7th Cir. 1993)). To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are "'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue.'" *Id.* (quoting *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)).

## ANALYSIS

The Motion raises neither an intervening change in the controlling law, new evidence previously unavailable, nor the need to correct clear error or prevent manifest injustice, as a basis for reconsideration of the Court's prior order. *Servants of the Paraclete*, 204 F.3d at 1012. This is reason alone to deny the Motion. And the failure to raise any of these issues reveals the Motion contains primarily a rehash of arguments previously made in the original motion to suppress, new arguments that could have been raised before, and arguments about purported factual disputes that are based on conjecture.

The Motion also misconstrues the Court's prior order. It does so by stating the prior order relied "*solely* on police officer reports" to conclude the facts supported probable cause for the traffic stop and to deny Mr. Vaughns' request for a hearing on the motion to suppress. Dkt. 28, §II. This is inaccurate. The Court's prior order makes

4

required to grant a suppression hearing only when a defendant presents facts justifying relief. A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact.'" *Id.* (quoting *United States v. Woods*, 995 F.2d 713, 716 (7th Cir. 1993)). To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are "'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue.'" *Id.* (quoting *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)).

## ANALYSIS

The Motion raises neither an intervening change in the controlling law, new evidence previously unavailable, nor the need to correct clear error or prevent manifest injustice, as a basis for reconsideration of the Court's prior order. *Servants of the Paraclete*, 204 F.3d at 1012. This is reason alone to deny the Motion. And the failure to raise any of these issues reveals the Motion contains primarily a rehash of arguments previously made in the original motion to suppress, new arguments that could have been raised before, and arguments about purported factual disputes that are based on conjecture.

The Motion also misconstrues the Court's prior order. It does so by stating the prior order relied "*solely* on police officer reports" to conclude the facts supported probable cause for the traffic stop and to deny Mr. Vaughns' request for a hearing on the motion to suppress. Dkt. 28, §II. This is inaccurate. The Court's prior order makes

plain that its findings and denial of a hearing were based on the Court's review of the BWC footage of the three involved officers, which materially corroborated their written reports.[1] Dkt. 24, pp.1-2; *id.* at p.2, n.1; *id.* at p.10. This is an important point because "a video record of the events at issue can evaporate any factual dispute that would otherwise exist, as courts view the 'facts in the light depicted by the videotape.'" *United States v. Norville*, 43 F.4th 680, 682 (7th Cir. 2022) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)); *see also United States v. Murray*, 844 F. App'x 39, 42-43 (10th Cir. 2021) (finding no abuse of discretion by district court in denying motion to suppress without a hearing where the court "relied on the undisputed facts outlined by the government *in concert with* the dash cam video and audio" to find the facts provided probable cause for the officers' search) (emphasis added).

The Court's prior order determined, based on its review of the video recordings Mr. Vaughns provided with his motion to suppress and the videos' corroboration of the written reports, that Mr. Vaughns failed to raise a material factual dispute warranting a hearing. None of the arguments raised by him in his current Motion warrant reconsideration of that decision.

\*   \*   \*

---

[1] This included the video and audio evidence, during the stop, of Officer Russell telling the driver he had been "driving a little quick," which the driver did not dispute even though he did dispute the officer's contention that the driver failed to use his signal. Dkt. 24, p.3. The fulsome video evidence corroborated the officers' reports that they observed the driver speeding, thus providing probable cause for the traffic stop regardless of whether the driver had used his turn signal. *Id.* at pp.7-8.

The Motion does not expressly argue that reconsideration is warranted because of an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. And the Court does not find any of these reasons exist to support reconsideration. As a result, the Motion is DENIED.

DATED: April 2, 2025

BY THE COURT:

S. Kato Crews
United States District Judge